```
UNITED STATES DISTRICT COURT           USDC SDNY
SOUTHERN DISTRICT OF NEW YORK          DOCUMENT
------------------------------------X  ELECTRONICALLY FILED
                                       DOC #:_____
Trustees of the New York City District Council  : DATE FILED:_____
of Carpenters Pension Fund, Welfare Fund,       :
Annuity Fund, and Apprenticeship, Journeyman    :
Retraining, Education and Industry Fund et al., :   19 Civ. 7608 (LGS)
                                                :
                              Petitioners,      :   OPINION AND ORDER
                                                :
                   -against-                    :
                                                :
Skyeco Group LLC,                               :
                                                :
                              Respondent.       :
------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The New York City and Vicinity Carpenters Labor-Management Corporation and New York City District Council of Carpenters (the "Petitioners") petition to confirm a favorable arbitration award issued June 26, 2019 (the "Award"), and request attorneys' fees and costs. Respondent Skyeco Group LLC ("Skyeco") has not appeared in this action and does not oppose the petition. For the following reasons, the petition is granted.

**I.    Background**

The following uncontested facts are taken from the Award, evidence submitted to the arbitrator and evidence submitted in support of the petition.

In December 2016, Skyeco executed a Letter of Assent binding it to the Build It Back Queens Outer Borough Residential Market Recovery Project Labor Agreement ("PLA"). The Letter of Assent stipulates that any contractor bound by the PLA additionally agrees to be bound

by any of the legally established collective bargaining agreements and local trust agreements found therein. Pursuant to the PLA[1] and the relevant corresponding collective bargaining agreement ("CBA"), Skyeco agreed to make benefit funds contributions to Petitioners. Skyeco also agreed to make available to Petitioners all pertinent books and records required for an audit in order to ensure compliance with the required benefit contributions. In the event of employer delinquencies, the CBA provides that Petitioners may elect to file a lawsuit or pursue arbitration to collect any monies owed to them. The CBA further stipulates that if Petitioners successfully obtain a judgement in a court of competent jurisdiction, Skyeco would be responsible for paying the amount of any unpaid contributions, interest on the unpaid contributions and reasonable attorneys' fees and costs. If Petitioners instead opt for arbitration, the agreement grants the arbitrator "full and complete authority to decide any and all issues raised by [a party's] submission and to award appropriate damages," including awarding monetary damages and interest on the unpaid contributions.

According to an audit of Skyeco contribution records, Skyeco was delinquent in making required benefit contributions to Petitioners for the period of August 13, 2017, to April 1, 2018. Petitioners provided Skyeco with a Summary Report of the audit and demanded that Skyeco remit interest accrued on the late payments outlined in the audit. When Skyeco failed to remit the interest payments, Petitioners sought arbitration. Petitioners filed a Notice of Intention to Arbitrate with the independent arbitrator on or about March 27, 2019. On or about April 8, 2019, independent arbitrator Roger E. Maher notified Skyeco that a hearing would be held on June 17, 2019. On June 17, 2019, the arbitration hearing was held. No representative of Skyeco

---

[1] Under Article 11, Section 2(a), the "[c]ontractors agree to promptly pay contributions on behalf of all employees covered by this Agreement to those established jointly trusted employee benefit funds set forth in the applicable Collective Bargaining Agreements . . . ."

2

appeared or otherwise contacted the arbitrator. Because Skyeco had been given notice of the hearing, the arbitrator conducted the proceeding as a default hearing. On June 26, 2019, having considered the CBA, a summary report of the estimated audit and the uncontroverted testimony of Petitioners, the arbitrator issued a written opinion finding that Skyeco had been delinquent in making fund contributions for the period in question, that Skyeco had failed to make sufficient interest payments on the delinquent contributions as required by the CBA and that it was obligated to pay Petitioners the late payment interest, court costs, attorney's fee, and arbitrator's fee. Under the powers granted to him by the CBA, the arbitrator ordered Skyeco to pay $4,048.18, plus interest to accrue at a rate of 7.5% from the date of the award.

On August 14, 2019, Petitioners commenced this action to confirm the Award. Petitioners served Skyeco with a petition to confirm on August 15, 2019. Skyeco has not appeared in this action and did not respond to the petition.

## II. Discussion

### A. Confirmation of the Award

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1994), provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *accord N.Y.C. Dist. Council of Carpenters v. JM Kelc Marine Contractors*, No. 19 Civ. 0529, 2019 WL 3423274, at *2 (S.D.N.Y. July 30, 2019). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Drywall Tapers and Pointers of Greater N.Y. Local Union 1974, et al. v. Top Rock Interiors, Inc.* No. 18 Civ. 7557, 2019 WL 4784750, at *3 (S.D.N.Y. Sept. 30, 2019). As such, the district court must rely on "the

moving party's submission[s]" to establish the factual record and "determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Gottdiener*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks and citations omitted).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 275 (2d Cir. 2015) (alteration in original). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (internal quotation marks and citations omitted).

Here, there are no genuine issues of material fact. The petition is uncontested; the evidence before the arbitrator supports the finding that Skyeco failed to remit interest payments on delinquent benefit contributions to the Funds in the amount that the arbitrator determined; and the Award draws its essence from the CBA, which requires Skyeco to make benefit contributions, provides for arbitration where contributions are not made and empowers the arbitrator to award money damages, interest and attorneys' fees. *See Nat'l Football League*, 820

F.3d at 537; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., LLC*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (confirming arbitration award brought under LMRA § 301 where defendant did not oppose petition and record supported arbitrator's findings). Consequently, Petitioners are entitled to confirmation of the Award.

### B. Attorneys' Fees and Costs

Petitioners also request payment of attorneys' fees in the amount of $568.00 for their counsel's work on the present action, separate from the $1500 awarded by the arbitrator. "Section 301 of the [LMRA] does not provide for attorney[s'] fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. Of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. LLC v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Here, Skyeco signed a CBA that provided for arbitration, failed to participate in the arbitration proceeding after notice of both its delinquency and the hearing, failed to satisfy the Award and failed to oppose the instant petition. In so doing, Skyeco has failed to justify its refusal to abide by the arbitrator's decision. Petitioners are therefore entitled to reasonable attorneys' fees and costs. *See, e.g.*, *Coastal Envtl. Grp., Inc.*, 2016 WL 7335672, at *3–4 (awarding fees and costs

where employer agreed to arbitrate, but failed to appear at the hearing, satisfy the award or oppose a petition to confirm the award).

In support of their request for $568 in attorneys' fees, Petitioners submit timesheets and related material to establish that their counsel spent a total of 3.7 hours on the petition, at a rate of $275 per hour for partner Nicole Marimon (.80 hours) and $120 per hour for legal assistants (2.9 hours). Based on this information, the amounts requested are reasonable. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, et al. v. Antonelli Masonry, Inc.*, No. 18 Civ. 11127, 2019 WL 1755413, at *5 (S.D.N.Y. Apr. 19, 2019) (approving rates of $275 per hour for Nicole Marimon and $120 per hour for V&A legal assistants); *Trs. of N.Y. Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp.*, No. 14 Civ. 2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving rates of $225 per hour for V&A associates and $100 per hour for V&A legal assistants).

The costs Petitioners' counsel incurred are also reasonable. Petitioners seek to recoup $75 incurred as "service fees" in this case and have filed an executed summons and two supplemental affidavits of service. "[J]udges in this District routinely permit attorneys to recoup [costs such as] filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on an opposing party." *JM Kelc Marine Contractors*, 2019 WL 3423274, at *3 (citation and internal quotation marks omitted) (alteration in original). The costs sought by Petitioners are reasonable.

Petitioners are entitled to the requested attorneys' fees of $568 and costs of $75.

### C. Post-Judgment Interest

Petitioners also seek post-judgment interest on the full judgment at the rate provided under 28 U.S.C. § 1961(a). "The award of post-judgment interest is mandatory on awards in civil cases

as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *accord N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc.*, No. 18 Civ. 1211, 2018 WL 2417849, at *3 (S.D.N.Y. May 29, 2018). Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided in 28 U.S.C. § 1961.

### III. CONCLUSION

For the foregoing reasons, Petitioners' motion for confirmation of the Award is GRANTED. Petitioners are entitled to a total of $4,824.27, consisting of late payment interest of $1,648.18, arbitration court costs of $400, arbitrator fees of $500, attorneys' fees in relation to arbitration of $1,500, pre-judgment interest of $133.09, attorneys' fees in relation to the petition of $568 and costs of $75. Post-judgment interest on the entire amount of the judgment will accrue from the date the judgment is entered at the rate provided by 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close all pending motions and to close this case.

Dated: December 3, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**